IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:24-cr-00214-CB |
| | ) | |
| GEORGE VLASTOS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

On April 30, 2025, Chambers received pro se correspondence from Defendant regarding his cases, 21-cr-122 and 24-cr-214. This Order applies in both cases, but has been filed only in 24-cr-214. The correspondence indicates that Defendant wishes to proceed with Sentencing, which is scheduled for **May 8, 2025 at 1:30 p.m.** The intention of Mr. Vlastos's submission is to make the Court aware of his dissatisfaction with counsel of record, Patrick Nightingale (retained), and to highlight their disagreement regarding aspects of these cases already-decided. Mr. Vlastos also includes information about himself and his criminal conduct, which he appears to believe is mitigating.

Nearly all the contents are irrelevant to sentencing (e.g., disappointment and past disagreements with counsel) – unhelpful (e.g., Mr. Vlastos's attempts to demonstrate that he was principled and responsible in committing his crimes) – or both. Had counsel advised Defendant regarding a written statement for sentencing, much of the proposed contents would have been eliminated (likely leading to further disappointment).[1]

---

[1] Mr. Nightingale's purported reactions to Defendant's proposed theories of defense are unsurprising, and they appear consistent with the law. Yesterday, he filed comprehensive materials in support of Mr. Vlastos's sentencing positions. Doc. 21 in 24-cr-214. The filings

Defendant's pro se submission is handled as follows. The Court does not accept correspondence from litigants, and communications between represented parties and the Court must be made through counsel of record. Mr. Vlastos's submission includes recitations of attorney-client privileged communications and, thus, will not be filed on the docket. Rather, it will be emailed to Mr. Nightingale, who shall, with all reasonable haste, communicate the contents of this Order to Defendant (if the most expeditious method is through remote voice technology, counsel should read the Order to him verbatim).

As previously referenced, there is nothing in the pro se submission indicating that Mr. Vlastos wishes to abandon the current schedule. If his dissatisfaction with Mr. Nightingale is so great that he, or Mr. Nightingale, believe adequate representation cannot be provided, a motion to withdraw shall be filed forthwith. Given Defendant's inability to communicate with the Court directly, Mr. Nightingale is directed to file a motion to withdraw should that be his client's instruction (a statement of Defendant's reasons is not required). If Mr. Nightingale's representation will continue, counsel promptly shall file in 24-cr-214 (only) a summary notice to that effect. Unless otherwise ordered, Sentencing will proceed as scheduled and the remaining presentence deadlines are unaffected.

IT IS SO ORDERED.

May 2, 2025                                           s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

reflect levels of effort and individualized consideration in the highest echelons, as compared to the many like-filings observed by the Court over many years.